AF Approval *TLK for SCN*                Chief Approval *DMB*

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

      v.                                CASE NO. 8:23-cr-379-WFJ-AAS

AURELIO SUAREZ

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, Aurelio Suarez, and the attorney for the defendant, Gerasimos Theophilopoulos, mutually agree as follows:

**A.**  **Particularized Terms**

    1.  Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with conspiracy to possess with intent to distribute one hundred (100) kilograms or more of a substance or mixture containing a detectable amount marijuana, a Schedule I Controlled Substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and punishable under 21 U.S.C. § 960(b)(2)(G).

AS

2.    Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment of five (5) years and a maximum term of imprisonment of forty (40) years, a fine of up to $5,000,000, a term of supervised release of at least four (4) years up to life, and a special assessment of $100.

3.    *Alleyne v. United States* and *Apprendi v. New Jersey*

Under *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a minimum sentence of five (5) years of imprisonment, and a maximum term of forty (40) years of imprisonment, may be imposed because the following facts have been admitted by the defendant and are established by this plea of guilty:

The weight of the substance that the defendant conspired to possess with intent to distribute was one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana.

4.    Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

|  |  |
|---|---|
| First: | That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a shared and unlawful plan, as charged in the Indictment; |

Defendant's Initials  A S        2        A S

<u>Second</u>:    That the defendant, knowing the unlawful purpose
of the plan, willfully joined in it; and

<u>Third</u>:    That the object of the unlawful plan was to possess
with the intent to distribute one hundred (100)
kilograms or more of a mixture or substance
containing a detectable amount of marijuana.

Although not an element of the offense charged in Count One, the

government has the burden of establishing that the subject vessel is a vessel

subject to the jurisdiction of the United States. In this case, the United States

would show that the subject vessel is a vessel without nationality. Whether or

not a vessel is subject to the jurisdiction of the United States is a preliminary

question of law to be determined by the trial judge rather than an element of

the offense submitted to the jury. 46 U.S.C. § 70504(a). *See also*, *United States v.*

*Tinoco*, 304 F.3d 1088, 1114 (11th Cir. 2002).

5.    <u>Count Dismissed</u>

At the time of sentencing, the remaining count against the

defendant, Count Two, will be dismissed pursuant to Fed. R. Crim. P.

11(c)(1)(A).

6.    <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States

Attorney's Office for the Middle District of Florida agrees not to charge

defendant with committing any other federal criminal offenses known to the

Defendant's Initials  A S          3

United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

7.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8.    Acceptance of Responsibility—Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials  _A S_              4

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.    Cooperation—Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's

Defendant's Initials A S         5

possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials ___A S___              6

10.    Cooperation—Responsibilities of Parties

a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and

Defendant's Initials  A S                7

may either seek reinstatement of or refile such charges and prosecute the

defendant thereon in the event such charges have been dismissed pursuant to

this agreement. With regard to such charges, if any, which have been

dismissed, the defendant, being fully aware of the nature of all such charges

now pending in the instant case, and being further aware of defendant's rights,

as to all felony charges pending in such cases (those offenses punishable by

imprisonment for a term of over one year), to not be held to answer to said

felony charges unless on a presentment or indictment of a grand jury, and

further being aware that all such felony charges in the instant case have

heretofore properly been returned by the indictment of a grand jury, does

hereby agree to reinstatement of such charges by recision of any order

dismissing them or, alternatively, does hereby waive, in open court,

prosecution by indictment and consents that the United States may proceed by

information instead of by indictment with regard to any felony charges which

may be dismissed in the instant case, pursuant to this plea agreement, and the

defendant further agrees to waive the statute of limitations and any speedy

trial claims on such charges.

        (3)    The United States may prosecute the defendant for

any offenses set forth herein, if any, the prosecution of which in accordance

with this agreement, the United States agrees to forego, and the defendant

Defendant's Initials _A S_        8

agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)    The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)    The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

11.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. §§ 853 and 881, 46 U.S.C § 70507 and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.

Defendant's Initials  A S                    9

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets

Defendant's Initials  A S                    10

held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

Defendant's Initials  A S                11

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture, is collected in full.

**B.**    **Standard Terms and Conditions**

1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663,

Defendant's Initials  A S                12

including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2. <u>Supervised Release</u>

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon
conviction, a defendant who is not a United States citizen may be removed
from the United States, denied citizenship, and denied admission to the
United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the
Court and the United States Probation Office all information concerning the
background, character, and conduct of the defendant, to provide relevant
factual information, including the totality of the defendant's criminal
activities, if any, not limited to the count to which defendant pleads, to
respond to comments made by the defendant or defendant's counsel, and to
correct any misstatements or inaccuracies. The United States further reserves
its right to make any recommendations it deems appropriate regarding the
disposition of this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P.
32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United
States Attorney's Office within 30 days of execution of this agreement an
affidavit reflecting the defendant's financial condition. The defendant

Defendant's Initials $\underline{A S}$                14

promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement,

or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

      7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

           The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground

Defendant's Initials  $\underline{AS}$         16

that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

Defendant's Initials $\underline{AS}$       17

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant

pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

    11.   <u>Factual Basis</u>

       Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit and stipulate that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

       On or about October 13, 2023, the helicopter crew of United States Coast Guard (USCG) Cutter JAMES sighted a go-fast vessel (GFV) in the international waters of the eastern Pacific Ocean, approximately 70 nautical miles west of Malpelo, Colombia. Cutter JAMES diverted to intercept the GFV. JAMES deployed its small boat with a law enforcement boarding team onboard to pursue the GFV.

Defendant's Initials  A S        19

The JAMES' small boat arrived on scene with the GFV, and the law enforcement boarding team gained positive control of the GFV. The boarding team conducted a right of visit (ROV) boarding to determine the nationality, if any, of the subject vessel. The defendants, Sergey Trenor Hebberth Allen and Aurelio Suarez, were the two (02) crewmembers of the GFV. During the ROV boarding, the Coast Guard boarding team asked the defendants whether they were the master or person in charge of the vessel. In response to these questions, Sergey Trenor Hebberth Allen claimed to be the person in charge of the vessel.

The Coast Guard boarding team then proceeded to ask the person in charge (Hebberth Allen) the claimed nationality or registry of the vessel. Hebberth Allen responded that the vessel had no nationality, and Hebberth Allen did not make a claim of nationality for the vessel. As such, the U.S. Coast Guard determined, and in accordance with 46 U.S.C. § 70502(c)(1)(A) and (d)(1)(B), the GFV is a vessel without nationality and therefore a vessel subject to the jurisdiction of the United States. At the time of interdiction by the Coast Guard, the GFV was seaward of the territorial seas of any nation and in international waters. The GFV was not flying a flag and had no registration documents.

Defendant's Initials  _A S_                    20

The Coast Guard then proceeded to conduct a law enforcement boarding. During the boarding of the GFV, the Coast Guard found contraband bales consistent with drug trafficking. The boarding team conducted two narcotics identification kit (NIK) tests on the suspected contraband, which resulted in presumptive positive results for marijuana. The Coast Guard boarding team was able to recover thirty-two (32) bales of contraband from the deck of the GFV, containing approximately nine hundred and seventy (970) kilograms of suspected marijuana.

The defendant, Aurelio Suarez, willingly agreed to transport thirty-two (32) bales containing nine hundred and seventy (970) kilograms of marijuana aboard the GFV with his codefendant and others. The purpose of this agreement was to smuggle this marijuana through international waters and distribute the marijuana to other persons. The defendant knew that the bales onboard the GFV contained one hundred (100) or more kilograms of marijuana and knew that the planned voyage was a drug smuggling venture.

12.  Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _AS_              21

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _12th_ day of _March_____, 2023.

ROGER B. HANDBERG
United States Attorney

_Aurelio Suarez_____

Aurelio Suarez
Defendant

_____
Benjamin J. Krebs
Special Assistant United States Attorney

_____
Gerasimos Theophilopoulos, Esq.
Attorney for Defendant

_____
Daniel Baeza
Assistant United States Attorney
Chief, Transnational Organized Crime